No. 2--02--0999                 

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of Kane County.

)

Plaintiff-Appellee, )

)

) No. 01--CF--2710

)

TOBIAS L. DRYDEN, ) Honorable

) Timothy Q. Sheldon,

Defendant-Appellant. ) Judge, Presiding.

JUSTICE GROMETER delivered the opinion of the court:

Following a jury trial in the circuit court of Kane County, defendant, Tobias L. Dryden, was convicted of two counts of home invasion (720 ILCS 5/12--11 (a)(3) (West 2000
)) and one count of unlawful use of a weapon by a felon (720 ILCS 5/24--1.1 (West 2000)).  He was acquitted of two counts of armed robbery.  720 ILCS 5/18--2 (West 2000).  Defendant was sentenced to 21 years' imprisonment.  His sentence included a 15-year enhancement, which was triggered by his possession of a firearm during the commission of the home invasion.  See 720 ILCS 5/12--11(a)(3), (c) (West 2000).  Defendant now appeals, raising three issues.  First, he asserts that he was not proven guilty of home invasion beyond a reasonable doubt.  Second, he contends that section 12--11(a)(3) and section 12--11(c) of the Criminal Code of 1961 (Code) (720 ILCS 5/12--11(a)(3), (c) (West 2000)), which together mandated the addition of 15 years to his sentence, violate the Illinois Constitution.  Finally, he argues that one of his convictions of home invasion must be vacated pursuant to the one-act, one-crime rule (see 
People v. King
, 66 Ill. 2d 551, 566 (1977)).  We agree with defendant regarding his latter two contentions.  Accordingly, we vacate one of defendant's home-invasion convictions and we reverse his sentence and remand for a new sentencing hearing.

I. BACKGROUND

Defendant's two convictions of home invasion stem from an incident occurring on September 23, 2001.  Defendant testified that he went to the apartment of Isaac Gonzalez to purchase marijuana.  He knocked on the door, and Raechel Peters, Gonzalez's girlfriend, answered.  Defendant and Gonzalez went to the kitchen.  Defendant added that he was nervous because he owed Gonzalez money.  Defendant told Gonzalez how much marijuana he wanted.  Gonzalez told defendant to show him his money.  Defendant showed Gonzalez a $100 bill.  Gonzalez gave defendant $20 worth of marijuana and attempted to keep the rest of the money.  Defendant grabbed the $100 bill and told Gonzalez that he would settle his debt later.  Defendant stated that he then attempted to leave the apartment.  Gonzalez said something to a man in the living room, and they followed defendant out of the apartment.

Raechel Peters testified that, on September 23, 2001, she was watching television in her and Gonzalez's apartment.  Someone knocked at the door, and Gonzalez answered.  Gonzalez admitted defendant into the apartment.  After defendant entered, Peters observed him do something to the door lock.  Defendant then followed Gonzalez into the kitchen.  After about two minutes, defendant came out of the kitchen.  Peters stated that two men then entered the apartment.  One of them grabbed Gonzalez by the neck and held a gun to him.  Defendant was holding a silver gun.  The man holding Gonzalez patted down Gonzalez's pockets, and Gonzalez stated that he had already given everything to defendant.  The man attempted to pull Gonzalez into the hallway outside the apartment, but Gonzalez managed to close the door as defendant and the two other men left.  Travis Young and Linda Paredes were also present in the apartment.  They confirmed portions of Peters' testimony, with some minor discrepancies.

Finally, Gonzalez testified.  He stated that he, Paredes, Young, and Peters were watching wrestling when he heard a knock at the door.  Gonzalez answered and admitted defendant into the apartment.  Gonzalez and defendant went to the kitchen.  Gonzalez testified that he looked away briefly and when he looked back, defendant had a gun.  Gonzalez stated that he tried to give some money to defendant.  Defendant went to the apartment's door, opened it, and two other men entered.  One of the men grabbed Gonzalez by the shirt and pointed a gun at his stomach.  Gonzalez gave them some additional money.  The men then tried to drag Gonzalez into the hall.  As soon as they got out in the hall, defendant and one of the men ran away.  Gonzalez managed to break free from the third man and ran back inside.

The jury convicted defendant of
 two counts of home invasion (720 ILCS 5/12--11(a)(3) (West 2000
)) and one count of unlawful use of a weapon by a felon (720 ILCS 5/24--1.1 (West 2000)).  The trial court initially sentenced defendant to 11 years' imprisonment.  The State moved to vacate the sentence because it did not include a 15-year enhancement as mandated by sections 12--11(a)(3) and 12--11(c) of the Code.  The trial court granted the motion and imposed a 21-year sentence.  Defendant now appeals.

II. SUFFICIENCY OF THE EVIDENCE

Defendant first contends that he was not proven guilty beyond a reasonable doubt of home invasion.  Defendant points out that, to sustain a conviction of home invasion, the State must prove that he entered the victim's dwelling "without authority."  720 ILCS 5/12--11 (a) (West 2000
).  The evidence showed that the victim admitted defendant into his dwelling.  Defendant recognizes that the limited-authority doctrine provides an exception where, though he was admitted into the dwelling, he may still be convicted of home invasion.  Specifically, the doctrine holds that where a defendant possessed a criminal intent at the time of the entry, the victim's consent to the entry is vitiated on the theory that, had the victim known the defendant's true intentions, the victim would not have allowed the entry.  See, 
e.g.
, 
People v. Hill
, 294 Ill. App. 3d 962, 973 (1998).  Defendant argues that the State failed to prove that he possessed a criminal intent at the time the victim admitted him into the victim's dwelling.  We disagree.

In assessing a challenge to the sufficiency of the evidence, we must determine "
whether, after 
viewing the evidence in the 
light most 
favorable to the 
prosecution, any rational trier of fact could find the essential elements of the crime beyond a 
reasonable doubt."  
People v. Young
, 312 Ill. App. 3d 428, 430 (2000).  A criminal conviction will not be set aside unless the evidence is so unsatisfactory as to create a reasonable doubt regarding the defendant's guilt.  
People v. O'Neill
, 272 Ill. App. 3d 178, 180 (1995).  Viewing the record in the light most favorable to the State, defendant has failed to meet this standard.

Defendant challenges the jury's verdict as it pertains to whether he possessed a criminal intent when he entered the victim's home.  Thus, the relevant inquiry focuses upon whether there is evidence in the record from which the jury could draw such a conclusion.  Such evidence does exist.
  Two co-perpetrators initially waited in the hall while defendant entered.  The victim's girlfriend testified that she saw defendant turn around and play with the lock on the door after he entered.  Defendant's cohorts entered the apartment after defendant had been inside for a short time.  From this evidence, the jury could reasonably conclude that the crime had been planned in advance.  Particularly relevant here is the testimony that defendant did something with the lock on
 the door, from which the jury could infer that he insured that the door was unlocked so his accomplices could enter.  Obviously, if the crime was planned before defendant entered the dwelling, defendant possessed the intent to commit it at the time of the entry.

Defendant also contends that the verdict cannot stand because, although the jury found him guilty of home invasion, it acquitted him of two counts of armed robbery (720 ILCS 5/18--2 (West 2000)).  Defendant contends that these acquittals amount to a finding that he did not intend to rob the victim.  Defendant does not use the term, but, in essence, he is advancing an inconsistent-verdict argument.  See, 
e.g.
, 
People v. Rhoden
, 299 Ill. App. 3d 951, 957 (1998).  However, verdicts of acquittal and conviction are not inconsistent where the crimes at issue involve different elements.  
People v. Hairston
, 46 Ill. 2d 348, 362 (1970).  With respect to a charge of home invasion, the limited-authority doctrine requires that defendant "possessed the intent to perform a criminal act *** at the time of entry."  
Hill
, 294 Ill. App. 3d at 973.  A robbery charge requires the State to prove a mental state of at least recklessness.  
People v. Jones
, 149 Ill. 2d 288, 297 (1992) (holding that "
either intent, knowledge or recklessness is an element of robbery even though the statutory definition 
of robbery does not expressly set forth a mental state").  In fact, the armed-robbery indictment charged that defendant knowingly took the victim's property.  Because two different mental states were at issue in the home-invasion
 and armed-robbery counts, defendant cannot prevail on this argument.

Therefore, we cannot say that the evidence regarding defendant's intent at the time of the entry is so unsatisfactory as to create a reasonable doubt of his guilt.  Defendant was proven guilty beyond a reasonable doubt, and the judgment of the trial court is affirmed on this point.  As we explain below, however, one of the convictions of home invasion must be vacated pursuant to the one-act, one-crime rule.

III. THE CONSTITUTIONALITY OF THE 15-YEAR SENTENCE ENHANCEMENT

Defendant next argues that sections 12--11(a)(3) and 12--11(c) of the Code (720 ILCS 5/12--11(a)(3), (c) (West 2000)) violate the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, §11).  Section 12--11(a)(3) applies when, during the commission of a home invasion, a defendant either threatens or uses force and possesses a firearm.
  
720 ILCS 5/12--11(a)(3) (West 2000).  Section 12--11(c) mandates a 15-year sentence enhancement under such circumstances.  720 ILCS 5/12--11(c) (West 2000).  Defendant contends that, although the punishment for home invasion while possessing a firearm is more severe than the punishment for aggravated battery with a firearm (720 ILCS 5/12--4.2(a)(1) (West 2000)), the latter crime requires that the firearm actually be discharged and an injury result, whereas the former crime requires only that a person posses a firearm and either threaten or actually use force.  Aggravated battery with a firearm is a Class X felony, carrying a term of 6 to 30 years.  720 ILCS 5/12--4.2(a)(1) (b) (West 2000); 730 ILCS 5/5--8--1(a)(3) (West 2000).  Home invasion as defined by section 12--11(a)(3) mandates a sentence of 21 to 45 years, including the 15-year sentence enhancement.  720 ILCS 5/12--11 (a)(3), (c) (West 2000); 730 ILCS 5/5--8--1(a)(3) (West 2000).  The constitutionality of a statute is a matter subject to 
de novo
 review.  
People v. Malchow
, 193 Ill. 2d 413, 418 (2000).  Additionally, statutes are presumed to be constitutional; hence, the party challenging a statute bears the burden of demonstrating its unconstitutionality.  
People v. Grant
, 339 Ill. App. 3d 792, 803 (2003).  If a statute can be reasonably construed in a manner such that it is constitutional, a court has a duty to do so.  
People v. Walden
, 199 Ill. 2d 392, 394 (2002).

The 15-year enhancement that defendant challenges was created when the legislature enacted Public Act 91--404 (Pub. Act 91--404, eff. January 1, 2000 (amending 720 ILCS 5/12--11(a)(3), (c) (West 2000))).  This act added section 12--11(a)(3) to the home-invasion statute, which specifies that a person commits home invasion when a person enters or remains without authorization in a dwelling place, knowing or having reason to know someone is present and "
[w]hile armed with a firearm uses force or threatens the imminent use of force upon any person or persons within such dwelling place whether or not injury occurs
."  720 ILCS 5/12--11(a)(3) (West 2000).  It also modified section 12--11(c) to read, in relevant part, "
A violation of subsection (a)(3) is a Class X felony for which 15 years shall be added to the term of imprisonment imposed by the court.
"  720 ILCS 5/12--11(c) (West 2000).

The proportionate penalties clause provides that 
"[a]ll 
penalties shall be determined both according to the 
seriousness of the offense and with the objective of restoring the offender to useful citizenship."
  Ill. Const. 1970, art. I, §11.  Our supreme court has articulated three ways in which a violation of this clause could occur:

"
First, a penalty violates the proportionate penalties clause if it is cruel, degrading, or so wholly disproportionate to the offense committed as to shock the moral sense of the community.  Second, a penalty is invalid under the proportionate penalties clause where similar offenses are compared, and conduct that creates a less serious threat to the public health and safety is punished more severely.  Third, there is a violation of the proportionate penalties clause when identical offenses are given different sentences.
"  
People v. Hill
, 199 Ill. 2d 440, 452 (2002).

Defendant bases his argument on the second prong of the test.

Determining whether the  proportionate penalties clause has been violated based on the second prong requires a two-step inquiry.  
Hill
, 199 Ill. 2d at 454.  First, we must consider whether the challenged statute and the statute to which it is being compared share a common purpose.  
Hill
, 199 Ill. 2d at 454.  When the statutes were enacted for two different purposes, it is presumed that the legislature weighed different factors in setting punishments, and we will defer to its judgment.  
People v. Moore
, 343 Ill. App. 3d 331, 344 (2003).  If the purpose is similar, then we must consider whether the offense with the harsher penalty is, in fact, more serious than the offense with the lesser penalty.  In determining whether one offense is more serious than another, the degree of harm is not the sole consideration.  
Hill
, 199 Ill. 2d at 454.  Additional factors, such as the frequency of the commission of the offense, the risk of bodily harm, or the need to stem an increase in the commission of the crime, are also relevant.  
Hill
, 199 Ill. 2d at 454.  

Thus, we must begin our inquiry with a comparison of the purposes of the statutes defining aggravated battery with a firearm (720 ILCS 5/12--4.2(a)(1) (West 2000)) and home invasion while possessing a firearm, the offense of which defendant was convicted.  We find this case controlled by 
People v. Moss
, 206 Ill. 2d 503 (2003), a recent Illinois Supreme Court case that held unconstitutional several sentencing enhancements enacted in Public Act 91--404.  In 
Moss
, the supreme court addressed the constitutionality of such enhancements pertaining to armed robbery (720 ILCS 5/18--2 (West 2000)), aggravated kidnaping 
(720 ILCS 5/10--2 (West 2000)), and aggravated vehicular hijacking (720 ILCS 5/18--4 (West 2000)).  The 15-year enhancement at issue in this case was also enacted in Public Act 91--404 and is virtually identical to some of the enhancements at issue in 
Moss
. 

The State attempts to avoid the effect of 
Moss
, first asserting that the supreme court expressly limited its holding to the statutes before it.  We find no such limiting language in the supreme court's opinion, and, in any event, we see no reason that the rationale of 
Moss
 should not apply to the instant case.

The State argues that the statutes defining home invasion and aggravated battery with a firearm do not share a common purpose.  The State contends that the purpose of the home-invasion statute "is to protect people in their homes from intruders carrying firearms."  The aggravated-battery with-a-firearm statute, the State explains, exists to "prevent the knowing and intentional discharge of a firearm which causes injury to the victim."  This argument is foreclosed by 
Moss
.

In that case, the State advanced a similar argument, contending that the proper analysis should focus upon the underlying offenses, such as armed robbery, rather than the amendments that created the sentencing enhancements.  
Moss
,
 
206 Ill. 2d at 524.  The State continued:

"[T]he purpose of the armed robbery with a firearm statute, for example, 'is to deter/punish the unauthorized, forcible taking of another's property.'  Similarly, the purpose of the aggravated vehicular hijacking statute, the State argues, is 'to deter/punish the unauthorized taking of another's motor vehicle.'  Noting that these offenses 'do[ ] not necessarily involve firearms,' the State maintains that the purposes of these statutes differ from those of the aggravated battery with a firearm and aggravated discharge of a firearm statutes, which focus on the use of firearms.  Because of this difference in purpose, the State argues that comparative proportionality review is inappropriate here, and the circuit court should not have proceeded to the second stage of this review."  
Moss
,
 
206 Ill. 2d at 524-25. 

The supreme court disagreed.  It noted that the legislature expressly set forth the purpose of Public Act 91--404, which is to "deter the use of firearms in the commission of a felony offense."  720 ILCS 5/33A--1(b)(1) (West 2000).  Moreover, the court observed that in 
People v. Walden
, 199 Ill. 2d 392, 396 (2002), it had already held that the purpose of the amended version of the armed-robbery statute was the same as the purpose of Public Act 91--404 as articulated by the legislature.  
Moss
, 206 Ill. 2d at 525-26.  Accordingly, the 
Moss
 court rejected the State's contention that the purpose of the amended statutes at issue in that case should be determined by looking to the underlying offenses.  
Moss
, 206 Ill. 2d at 526.  The State provides us with no persuasive reason that we should not apply the same logic in this case and determine the purpose of section 12--11(a)(3) by reference to the legislature's plain statement regarding the purpose of Public Act 91--404 (see 720 ILCS 5/33A--1(b)(1) (West 2000)).  Accordingly, we conclude that the purpose of section 12--11(a)(3) is "to deter the use of firearms in the commission of a felony offense" (720 ILCS 5/33A--1(b)(1) (West 2000)) and that this purpose is sufficiently similar to the purpose of the aggravated-battery-with-a-firearm statute to allow for a comparison.  See 
Moss
, 206 Ill. 2d at 525-26.

The State also argues that "home invasion with a firearm is not a less serious offense that is punished more severely than aggravated battery with a firearm."  This follows, according to the State, because home invasion is a serious offense in itself.  In 
Moss
, the supreme court considered whether the offenses amended by Public Act 91--404 are actually more serious than comparable offenses  because "they involve elements in addition to firearm conduct."  
Moss
, 206 Ill. 2d at 527.  The court noted that, "[a]rmed robbery with a firearm, for example, requires the possession of a firearm while committing the offense of robbery."  
Moss
, 206 Ill. 2d at 527.  Ultimately, the supreme court rejected this argument, stating:

"We agree with the circuit court that the additional elements in aggravated battery

with a firearm (injury resulting from the intentional discharge of a firearm) and aggravated discharge of a firearm (discharge of a firearm in the direction of another person) render these offenses a greater 'threat to the public health and safety' [citations] than the corresponding Public Act 91--404 offenses, which, with respect to the firearm, require only its possession or its discharge."  
Moss
, 206 Ill. 2d at 530.

The supreme court also rejected the notion that it defer to the legislature's judgment that the offenses amended by Public Act 91--404 are more serious, despite such deference being the norm.  
Moss
, 206 Ill. 2d at 530.  Indeed, if we were to defer to the legislature on all such judgments, there would be no effective judicial review of a claimed proportionate penalties clause violation.

Thus, the State's argument that the offense at issue in the present case is more serious because it involves a home invasion in addition to the possession of a firearm is ill taken.  Such reasoning has already been rejected by 
Moss
.  We agree with the State that the invasion of a home is a serious matter; however, the offenses at issue in 
Moss
 were also of a serious nature.  In sum, we have little difficulty concluding that shooting someone with a firearm is more serious than merely possessing a firearm, regardless of the circumstances under which the firearm is possessed.

Finally, the conduct proscribed by section 12--11(a)(3) is punished more harshly than aggravated battery with a firearm.  The former, including the 15-year enhancement, carries a sentence of 21 to 45 years (720 ILCS 5/12--11(a)(3), (c) (West 2000); 730 ILCS 5/5--8--1(a)(3) (West 2000)); the latter mandates only 6 to 30 years' imprisonment (720 ILCS 5/12--4.2(a)(1) (b) (West 2000); 730 ILCS 5/5--8--1(a)(3) (West 2000)).  Therefore, the proportionate penalties clause has been violated.  Ill. Const. 1970, art. I, §11.  We vacate defendant's sentence and remand this cause for a new sentencing hearing.

III. THE ONE-ACT, ONE-CRIME RULE

Defendant's final contention is that his multiple convictions of home invasion violate the one-act, one-crime rule.  See 
People v. King
, 66 Ill. 2d 551, 566 (1977).  We review this claim 
de novo
.  
People v. Carter
, 344 Ill. App. 3d 663, 667 (2003).  Generally, only one offense may be carved from one physical act.  
King
, 66 Ill. 2d at 566.  To determine whether the rule has been violated, we must first inquire as to whether defendant's conduct constituted a single act.  
People v. Rodriguez
, 169 Ill. 2d 183, 186 (1996).  The next step is to determine whether any of the offenses of which defendant stands convicted are lesser included offenses.  
Rodriguez
, 169 Ill. 2d at 186.  If either step yields an affirmative answer, the conviction in question must be vacated.  
Rodriguez
, 169 Ill. 2d at 186.  In the instant case, the first step is dispositive.

Before proceeding, we address the State's claim that defendant has waived this issue by failing to include it in his posttrial motion.  Defendant contends that we should review it as plain error.  In 
People v. Hicks
, 181 Ill. 2d 541, 545 (1998), the supreme court noted that 
"[t]he imposition of an unauthorized sentence affects substantial rights
."  Plain-error review extends to such matters.  
Hicks
, 181 Ill. 2d at 545.  Accordingly, we will review defendant's claim of error.

Defendant contends that he could be convicted of only one count of home invasion because he made only one entry into the dwelling.  The State initially points out that one of the home-invasion counts of which defendant was convicted (count III) alleged that defendant used force, while the other (count IV) alleged that he threatened the use of force.  This observation is irrelevant.  In 
People v. Cole
, 172 Ill. 2d 85, 102 (1996), the supreme court flatly held that "a single entry will support only a single conviction" of home invasion even though the defendant inflicted harm on two occupants of a dwelling.
  In the present case, defendant made only one entry, and the rule set forth in 
Cole
 bars multiple convictions even though separate harms occurred following that single entry.

The State argues that, in addition to his own entry, defendant is accountable for the entry of his accomplices.  In 
Hicks
, 181 Ill. 2d at 544, the supreme court held that the defendant could be convicted of only one count of home invasion where he and an accomplice simultaneously entered the victim's dwelling.  See also 
People v. Brown
, 197 Ill. App. 3d 907, 918-19 (1990).  That defendant here entered shortly before his cohorts, rather than all three simultaneously, is of no moment.  It appears obvious that all of the entries were part of a single course of conduct designed to rob the victim; in other words, there was one crime.  Allowing a defendant to be convicted of two offenses where the entries of multiple accomplices were temporally proximate but not where the entries were actually simultaneous would create an incredibly arbitrary rule.  Accordingly, we reject the State's argument based on defendant's accountability for his accomplices.  Given 
Cole
 and 
Hicks
, defendant's multiple convictions cannot stand.  We therefore vacate the conviction based on count IV of the indictment.

IV. CONCLUSION

In light of the foregoing, we affirm defendant's convictions of home invasion on count III and unlawful use of a weapon by a felon; however, we vacate his home-invasion conviction on count IV and his sentence as well.  The cause is remanded so that a new sentencing hearing can be held.

Affirmed in part and vacated in part; cause remanded.

McLAREN and KAPALA, JJ., concur.