THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
TERRY WAYNE CAMPBELL, Defendant-Appellant.

Fourth District   No. 4—84—0404

Opinion filed December 31, 1984.

Daniel D. Yuhas, of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert J. Biderman and Perry Lee Miller, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

On May 31, 1984, following an evidentiary hearing in the circuit court of Champaign County, defendant, Terry Wayne Campbell's post-conviction petition (Ill. Rev. Stat. 1983, ch. 38, par. 122—1) was dismissed. He sought relief from (1) his conviction of burglary entered by that court on October 18, 1982, and (2) his subsequent sentence of five years' imprisonment. That conviction and sentence had been affirmed by this court on direct appeal in *People v. Campbell* (1983), 114 Ill. App. 3d 1160 (Rule 23 order). He now appeals the judgment dismissing his post-conviction petition. We affirm.

The evidence at the post-conviction hearing showed that defend-

ant's counsel refused defendant's request to seek a substitution of the judge assigned to try the burglary charge. Defendant testified that the counsel seemed to "shrug off" his repeated requests for substitution. Defendant also testified that he had previously appeared before the assigned judge in a juvenile delinquency proceeding, and that judge then told him that if he, defendant, ever appeared before that judge again, that judge would see that defendant would "serve time" in the penitentiary. Defendant maintains that, because of the foregoing, he was deprived of effective assistance at trial.

Defense counsel testified at the hearing that he explained to defendant his reasons for not filing a motion to substitute judges. Counsel stated the reasons were: (1) Counsel was familiar with the judge and the judge made such remarks in almost every case; (2) the judge might appear to recognize defendant, but actually the judge seldom had any recollection of those who pass through his courtroom; (3) even if the judge did remember defendant, he would not let previous appearances influence his disposition of defendant's current case; and (4) counsel believed that the judge would be more inclined to give a particular, important jury instruction than any judge who would be substituted.

At the conclusion of the post-conviction hearing, the judge hearing that matter concluded that defense counsel probably did merely admonish defendant "not to worry" about the assigned judge and did not give defendant the reasons counsel testified to in the post-conviction proceedings. However, the hearing judge deemed those reasons to be "good and accurate" and probably to be reasonably good strategy to follow. Then, the hearing judge, after having examined the presentence report, concluded, based on defendant's prior convictions and adjustment on probation, that the sentence imposed was appropriate. The court denied the relief sought in the post-conviction petition.

Unquestionably, an accused in a criminal case has a due process right to be tried before an unbiased judge. (*In re Murchison* (1955), 349 U.S. 133, 99 L. Ed. 942, 75 S. Ct. 623.) An accused also has a statutory right under section 114—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 114—5) to one substitution of judge if the request is timely made and based upon an allegation of prejudice which need not be proved. However, no case called to our attention holds that an accused has an absolute right to a substitution of judge without making a showing of actual prejudice.

■ An accused also has a sixth amendment right to be represented by counsel or to waive counsel and proceed *pro se*. However, an accused has no such right to both representation by counsel and to

also conduct portions of the proceedings on his own. (*Faretta v. California* (1975), 422 U.S. 806, 45 L. Ed. 2d 562, 95 S. Ct. 2525.) Nevertheless, an accused represented by counsel retains a right to make decisions involving "fundamental rights," while those strategic matters involving "the superior ability of trained counsel" are left to that counsel. (*Jones v. Barnes* (1983), ___ U.S. ___, ___, 77 L. Ed. 2d 987, 993, 103 S. Ct. 3308, 3312.) A noted authority describes those decisions involving "fundamental rights" as generally being (1) whether to enter a plea of guilty or not guilty, (2) whether to waive jury trial, (3) whether defendant is to testify in his own behalf, and (4) whether to appeal. 2 LaFave & Israel, Criminal Procedure sec. 11.6, at 53 (1984).

In *People v. Chatman* (1967), 36 Ill. 2d 305, 223 N.E.2d 110, a defendant had been convicted of rape in each of two successive bench trials before the same judge. During the first case, the trial judge had made statements indicating a substantial prejudice against the defendant. Defendant appealed the second conviction. The supreme court held that the failure of court-appointed defense counsel to either "move for a change of venue based on the prejudice of the trial judge *or* demand a trial by jury" constituted incompetence of counsel and was not merely trial tactic. (Emphasis added.) (36 Ill. 2d 305, 309, 223 N.E.2d 110, 112.) Apparently, defense counsel had earlier permitted the defendant to waive trial by jury. Notably, the supreme court indicated that the right of the accused to a fair trial could have been upheld by either a substitution of judge *"or"* obtaining a trial by jury. (Emphasis added.) The court thus indicated that the existence of a jury was a substantial protection to an accused even when the trial judge was prejudiced.

No precedent has been called to our attention indicating that the question of whether to seek a statutory peremptory right of substitution of judges is beyond the realm of strategic or tactical decision of counsel. We see no reason why it should be in a case such as this, where the expected interpretation of the judge on legal points is significant. Only "trained counsel" can make wise decisions on such matters. While counsel should consider the desires of the accused, the ultimate decision should be left to the discretion of counsel.

That discretion was not abused here. The indications that the judge would likely be prejudiced was slight. The reasons for the decisions of trial counsel were deemed to be sound by the hearing judge and appear to us in the same light. Defendant was not deprived of effective assistance of counsel.

Because of our decision that defendant suffered no deprivation of

right, we need not address the contention of the State that (1) any request by defendant for substitution of judge was already untimely when relayed to counsel, and (2) the question of possible deprivation of effective assistance of counsel was waived by failure to raise it on the direct appeal from the conviction and sentence.

We affirm.

Affirmed.

McCULLOUGH and TRAPP, JJ., concur.