NO. 4-04-0414

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,   )   Appeal from
        Plaintiff-Appellee,   )   Circuit Court of
        v.   )   Sangamon County
DARRELL JAMES,   )   No. 03CF769
        Defendant-Appellant.   )
           )   Honorable
           )   Dennis L. Schwartz,
           )   Judge Presiding.
_____

      PRESIDING JUSTICE TURNER delivered the opinion of the court:

      In summer 2003, the State charged defendant with unlawful use of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2002)), armed robbery (720 ILCS 5/18-2(a)(1) (West 2002)), and home invasion (720 ILCS 5/12-11(a)(3) (West 2002)). Shortly after his arrest, the trial court appointed the public defender to represent defendant. Before opening statements at his January 2004 bench trial, defendant elected to proceed pro se. At the conclusion of his trial, the court found defendant guilty of all three charges. At a joint hearing in April 2004, the court denied defendant's posttrial motions and sentenced him to concurrent prison terms of 45 years for armed robbery, 7 years for unlawful use of a weapon by a felon, and 45 years for home invasion. In May 2005, the court denied defendant's motion to reconsider his sentence.

      Defendant appeals, contending (1) the trial court's

refusal to consider his pretrial, pro se motions violated his fifth- and sixth-amendment rights (U.S. Const., amends. V, VI), and (2) his prison term for home invasion should be reduced to 30 years since the 15-year sentence enhancement imposed on his sentence violates the proportionate-penalties clause.  We affirm.

### I. BACKGROUND

On July 30, 2003, the State charged defendant with unlawful use of a weapon and armed robbery (the home-invasion charge was later brought on August 20, 2003).  At a July 31, 2003, hearing, the trial court appointed the public defender to represent defendant.  At the August 14, 2003, preliminary hearing, defendant was represented by Bob Scherschligt.  On August 26, 2003, the Sangamon County public defender assigned defendant's case to Assistant Public Defender Craig Reiser.

On September 8, 2003, defendant filed a pro se motion to dismiss the home-invasion charge.  In a letter to the trial court, defendant alleged his attorney did not think the motion was a good one and refused to file it.  Defendant requested the appointment of another public defender because he did not think Reiser would represent him to the fullest.  That same day, the court addressed defendant's request at a hearing.  Defendant stated Reiser had indicated everyone thought defendant was guilty, including himself.  Reiser denied making such a statement, and the court denied defendant's request.

In a letter filed October 21, 2003, to the trial court, defendant complained about a police photographic lineup and stated Reiser was not trying to help him. Defendant contended Reiser "kept on telling [him] about the State['s] defen[s]e trying to scare [him] into copping out for something that [he] didn't do." On November 18, 2003, Reiser filed a motion to suppress the identification of defendant in the photographic lineup.

In a letter to the trial court filed November 19, 2003, defendant alleged a witness at his preliminary hearing committed perjury and again asserted Reiser was working against him by trying to get him "to cop out." On December 8, 2003, defendant filed pro se (1) a motion to suppress evidence regarding his tribal band tattoo, (2) a motion to suppress the photographic lineup, (3) a motion to "squash" the statements made by Brandon Mason, (4) a motion to "squash" his arrest warrant, (5) a motion to "squash" a letter, (6) a motion to "squash" a supposed statement defendant made to the police, and (7) another motion to "squash" his arrest.

On December 9, 2003, Reiser filed a motion in limine regarding defendant's prior convictions, which the trial court later granted. On December 10, 2003, defendant filed pro se a motion for additional discovery and another letter to the court. He asserted Reiser refused to file defendant's motions and was

- 3 -

working with the State to frame defendant. He also criticized Reiser for his continuances. On December 15, 2005, defendant filed pro se a motion to dismiss the case and two letters to the court. Defendant again asserted Reiser was working with the State and criticized Reiser's continuances.

On December 22, 2003, the trial court held a hearing on the motion to suppress identification at which Reiser represented defendant. At the beginning of the hearing, Reiser informed the court defendant had filed a complaint with the Attorney Registration and Disciplinary Commission, which was unfounded. He further stated he had no problem representing defendant, and the court declined to investigate the matter any further. After the court denied the suppression motion, Reiser pointed out to the court defendant's pro se motions. Reiser noted he had looked over the motions and put them in his motion to suppress defendant's identification. In response, the court noted its rule not to consider pro se motions filed by defendants when they are represented by counsel. Reiser continued to file documents in defendant's case until defendant's January 2004 trial.

On January 20, 2004, the trial court commenced defendant's trial with Reiser representing defendant. After a jury was selected, defendant waived his right to a jury trial, and the court continued the trial to the next day. At the beginning of the bench trial, defendant again brought up his complaints about

Reiser trying to get him "to cop out" and refusing to file defendant's motions. Reiser indicated he was happy to represent defendant and could answer all of defendant's allegations. The prosecutor stated he had very few plea discussions with Reiser since he did not feel defendant "was an individual that [he] should be giving too many breaks to." The prosecutor also noted Reiser had been thorough in his discovery and in preparing for trial. The court then declined to discharge Reiser. Defendant then indicated he wanted to proceed pro se. The court allowed defendant to proceed pro se with Reiser as stand-by counsel. Defendant then asked to be heard on his prior pro se motions. The court refused and began the trial.

At the conclusion of the trial, the trial court found defendant guilty of all three charges. Reiser filed a posttrial motion, and defendant filed pro se several amendments to the posttrial motion. At the April 2004 hearing on the posttrial motions and sentencing, the court noted it had reviewed all of defendant's pretrial, pro se motions and denied any that were left unresolved. Defendant then argued the posttrial motions, and the court denied those as well. At defendant's request, Reiser represented defendant on the sentencing portion of the hearing. The court sentenced defendant as stated. Reiser then filed a motion to reconsider and reduce defendant's sentence, which the court denied. This appeal followed.

- 5 -

## II. ANALYSIS

The questions presented in this appeal are ones of law, and thus our review de novo. See People v. Breedlove, 213 Ill. 2d 509, 512, 821 N.E.2d 1176, 1178 (2004) (pure questions of law are reviewed de novo).

### A. Defendant's Pro Se Motions

Defendant first asserts his fifth-amendment right to due process and sixth-amendment right to self-representation were violated when the trial court refused to hear his pro se motions. We disagree.

A defendant has the right either to have counsel represent him or to represent himself. However, a defendant does not have the right to both self-representation and the assistance of counsel. People v. Serio, 357 Ill. App. 3d 806, 815, 830 N.E.2d 749, 757 (2005). Stated differently, a defendant possesses "no right to some sort of hybrid representation, whereby he would receive the services of counsel and still be permitted to file pro se motions." People v. Handy, 278 Ill. App. 3d 829, 836, 664 N.E.2d 1042, 1046 (1996). Thus, when a defendant is represented by counsel, the defendant generally has no authority to file pro se motions, and the court should not consider them. Serio, 357 Ill. App. 3d at 815, 830 N.E.2d at 757.

A defendant cannot circumvent the above rule by electing to proceed pro se right before opening statements and have

pretrial, pro se motions addressed.  When a defendant elects to have an attorney represent him, his role and his attorney's role are defined.  People v. Pondexter, 214 Ill. App. 3d 79, 87, 573 N.E.2d 339, 345 (1991).  The defendant retains the right to make decisions involving "fundamental rights" such as whether to plead guilty or not guilty, whether to waive jury trial, whether to testify, and whether to appeal.  See Pondexter, 214 Ill. App. 3d at 87, 573 N.E.2d at 345.  However, counsel has control over "the day-to-day conduct of the defense" and the handling of strategic matters that involve "'the superior ability of counsel.'" Pondexter, 214 Ill. App. 3d at 87, 573 N.E.2d at 345, quoting People v. Campbell, 129 Ill. App. 3d 819, 821, 473 N.E.2d 129, 131 (1984).

Here, defendant received Reiser's assistance throughout the pretrial period.  Thus, to allow defendant to have his pretrial, pro se motions that addressed strategic matters under Reiser's control would constitute hybrid representation and essentially allow defendant to relitigate pretrial issues.  Such a result is impermissible since, as we have explained, the right to self-representation and the assistance of counsel cannot be exercised at the same time.  Pondexter, 214 Ill. App. 3d at 87, 573 N.E.2d at 345.

Additionally, we note one exception to the rule is pro se ineffective-assistance-of-counsel claims if they include

supporting facts and are specific.  Serio, 357 Ill. App. 3d at 815, 830 N.E.2d at 757.  However, none of the pro se motions at issue raised ineffective-assistance-of-counsel claims.  Moreover, before trial, the trial court did make an inquiry into defendant's complaints about Reiser that defendant raised in his numerous letters.

Accordingly, the trial court properly did not address defendant's pretrial, pro se motions when defendant elected to proceed pro se right before opening statements.  A proper way of handling such improper pro se motions is to strike them when they are filed to avoid the confusion that may have resulted in this case.  See People v. Neal, 286 Ill. App. 3d 353, 355-56, 675 N.E.2d 130, 131 (1996).

### B. Home-Invasion Sentence

Defendant last contends his sentence for home invasion should be reduced by 15 years because the mandatory 15-year sentence enhancement provided for in section 12-11(c) of the Criminal Code of 1961 (Criminal Code) (720 ILCS 5/12-11(c) (West 2002)) violates the proportionate-penalties clause.  The State disagrees, asserting the 15 years above the statutory maximum for home invasion was the result of an extended term based on defendant's prior convictions.  See 730 ILCS 5/5-5-3.2(b)(1), 5-8-2(a)(2) (West 2002).  We need not address whether the 15 years was an enhancement or an extended term since our supreme court

recently rejected defendant's argument in People v. Guevara, 216 Ill. 2d 533, 544-45, 837 N.E.2d 901, 908 (2005). See People v. Hampton, No. 1-03-0067, slip op. at 25-27 (December 5, 2005), ___ Ill. App. 3d ___, ___, ___ N.E.2d ___, ____.

In support of his argument, defendant cites the Second District's People v. Dryden, 349 Ill. App. 3d 115, 124, 811 N.E.2d 302, 310 (2004), judgment vacated, No. 98795 (December 1, 2005) (nonprecedential supervisory order denying leave to appeal and vacating Second District's judgment and remanding with directions), where the court found the proportionate-penalties clause was violated because the conduct prescribed by section 12-11(a)(3) of the Criminal Code (720 ILCS 5/12-11(a)(3) (West 2000)) was punished more harshly than aggravated battery with a firearm. Defendant does not raise any other arguments in support of his contention that his sentence violates the proportionate-penalties clause. As stated, in Guevara, our supreme court rejected the very same argument defendant raises based on People v. Sharpe, 216 Ill. 2d 481, 519, ___ N.E.2d ___, ___ (2005), which abolished cross-comparison challenges to the proportionate-penalties clause. Guevara, 216 Ill. 2d at 544-45, 837 N.E.2d at 908.

The dissent argues the Guevara decision is irrelevant to this case because it was decided after defendant was sentenced, and thus defendant's sentence enhancement should be

vacated based on People v. Moss, 206 Ill. 2d 503, 795 N.E.2d 208 (2003), which was the "final order" of our supreme court when defendant was sentenced. Slip op. at 15. We could not disagree more strongly.

First, as recognized by this court in People v. Standley, 359 Ill. App. 3d 1096, 1107, 835 N.E.2d 945, 953-54 (2005), the Moss court only found the 15- and 20-year sentence enhancements to (1) armed robbery (720 ILCS 5/18-2 (West 2000)), (2) aggravated kidnapping (720 ILCS 5/10-2 (West 2000)), and (3) aggravated vehicular hijacking (720 ILCS 5/18-4 (West 2000)) violated the proportionate-penalties clause. See also People v. Powell, 355 Ill. App. 3d 124, 136, 822 N.E.2d 131, 142 (2004) (First District). Thus, the 15-year sentence enhancement to home invasion had not been found unconstitutional when defendant was sentenced.

The dissent criticizes the aforementioned conclusion, stating the Moss decision was a "broad one" and thus implicitly found all Public Act 91-404 (Pub. Act 91-404, eff. January 1, 2000 (1999 Ill. Laws 5126)) 15- and 20-year sentence enhancements unconstitutional. This court rejected that argument before our supreme court's decisions in Sharpe and Guevara, which refused to apply the Moss analysis to other statutes (Sharpe, 216 Ill. 2d at 489, ___ N.E.2d at ___; Guevara, 216 Ill. 2d at 544-45, 837 N.E.2d at 908). See Standley, 359 Ill. App. 3d at 1106-07, 835

- 10 -

N.E.2d at 953-54. Thus, it would now be incongruous to apply Moss after the supreme court refused to extend it to the other Public Act 91-404 sentence enhancements, especially where both this court and the supreme court have recognized the absurd results the Moss decision yields. Standley, 359 Ill. App. 3d at 1107, 835 N.E.2d at 954; Sharpe, 216 Ill. 2d at 489, ___ N.E.2d at ___.

Second, the sentencing provision of the home-invasion statute (720 ILCS 5/12-11(c) (West 2002)) was not vague when defendant was sentenced. That provision clearly applies a 15-year sentence enhancement to home invasion as prescribed by section 12-11(a)(3) of the Criminal Code (720 ILCS 5/12-11(a)(3) (West 2002)). That section had not been expressly declared unconstitutional by any reviewing court when defendant was sentenced. Accordingly, the statute clearly applied to defendant when he was sentenced. Moreover, we refuse to hold a statute is unconstitutionally vague because a defendant could reasonably challenge its constitutionality based on existing case law.

Last, our affirmation of defendant's sentence is consistent with the supreme court's decision in Guevara. There, the trial court had declared section 12-11(a)(3) of the Criminal Code unconstitutional based on Moss and dismissed the home-invasion indictment. Guevara, 216 Ill. 2d at 539, 837 N.E.2d at 905. After finding section 12-11(a)(3) was constitutional, our

- 11 -

supreme court reversed the trial court's decision and remanded for further proceedings.  Guevara, 216 Ill. 2d at 547, 837 N.E.2d at 909.  If the home-invasion sentence enhancement could not be applied while Moss was our supreme court's "final order," then our supreme court would not have remanded the Guevara case for further proceedings.

III. CONCLUSION

For the reasons stated, we affirm defendant's conviction and sentence.

Affirmed.

STEIGMANN, J., concurs.

COOK, J., dissents.

JUSTICE COOK, dissenting:

I dissent and would reduce defendant's sentence to 30 years.

Effective January 1, 2000, the legislature added a mandatory sentence enhancement to certain offenses if a firearm was used in the commission of the offense. 720 ILCS 5/33A-1 (West 2000) (the "15/20/25-to-life" provisions). Defendant argued that his 45-year sentence for home invasion included an unconstitutional 15-year enhancement for use of a firearm during that offense. 720 ILCS 5/12-11(c) (West 2002). The State agreed that the 15-year sentence enhancement was unconstitutional but argued that defendant was sentenced under an entirely different statutory provision: "[b]efore defendant was sentenced the Illinois Supreme Court had struck down mandatory sentencing enhancements as unconstitutional, so the assistant [S]tate's [A]ttorney had a good reason not to request such an enhancement and the judge had a good reason not to impose one. People v. Moss, 206 Ill. 2d 503, 795 N.E.2d 208 (2003)."

A great deal has transpired since the briefs were filed in this case. On October 6, 2005, the supreme court overruled Moss. "After much reflection, we have concluded that cross-comparison analysis has proved to be nothing but problematic and unworkable, and that it needs to be abandoned." Sharpe, 216 Ill. 2d at 519, ___ N.E.2d at ___. That same day the supreme court reversed a trial court that had found that section 12-11(a)(3), the home-invasion statute, violated the proportionate-penalties clause under the Moss cross-comparison analysis. Guevara, 216

- 13 -

Ill. 2d at 544-45, ___ N.E.2d at ___.  "These arguments fail because a defendant may not challenge a penalty under the proportionate[-]penalties clause by comparing it with the penalty for an offense with different elements."  Guevara, 216 Ill. 2d at 545, ___ N.E.2d at ___.

The question now before us, which the parties were unable to address because of these developments since the filing of their briefs, is whether the mandatory 15-year enhancement was unconstitutional when defendant was sentenced.  Defendant could not be sentenced under an unconstitutional statute.  The fact that the supreme court later changed its mind is irrelevant.  Was there a mandatory sentence enhancement in effect at the time defendant was sentenced?

More broadly, is there a mandatory-sentence-enhancement statute in effect even after Sharpe and Guevara?  If a defendant receives a mandatory sentence enhancement for armed robbery (720 ILCS 5/18-2 (West 2000)), specifically held to be unconstitutional in Moss, it would appear that the sentence cannot stand, despite the overruling of Moss.  The supreme court has the power to declare a statute unconstitutional, rendering the statute null and void as though no such law had ever been passed.  People v. Zeisler, 125 Ill. 2d 42, 46, 531 N.E.2d 24, 26 (1988).  Once that has been done, the supreme court has no power to reenact the statute.  It is the legislature that must make that decision.

See Zeisler, 125 Ill. 2d at 48, 531 N.E.2d at 27.

In the case before us, the question is whether Moss held the mandatory 15-year enhancement to the home-invasion statute invalid or whether the supreme court in Moss expressly limited its holding to the statutes before it, which did not include the home-invasion statute. The Second District concluded that Moss held the enhancement to the home-invasion statute invalid. "We find no such limiting language in the supreme court's opinion, and, in any event, we see no reason that the rationale of Moss should not apply to the instant case." Dryden, 349 Ill. App. 3d at 122, 811 N.E.2d at 309. On December 1, 2005, the supreme court directed the Second District to vacate its judgment and reconsider in light of Sharpe. People v. Dryden, No. 98795 (December 1, 2005) (nonprecedential supervisory order). The supreme court did not disagree that Moss had held the sentence enhancement invalid in home-invasion cases; the supreme court held only that Moss was overruled.

Our court has held that the Moss court expressly limited its decision to sentence enhancements applied to convictions for (1) armed robbery, (2) aggravated kidnaping, and (3) aggravated hijacking. Standley, 359 Ill. App. 3d at 1106-07, 835 N.E.2d at 954. Although those were the offenses involved in Moss, the Moss decision seems to be a broad one, and I see no reason to conclude it was limited to those offenses. Standley

- 15 -

also concluded that, even under the Moss test, the sentence enhancement to home invasion was appropriate, but no other decisions have agreed. "In sum, we have little difficulty concluding that shooting someone with a firearm is more serious than merely possessing a firearm, regardless of the circumstances under which the firearm is possessed." Dryden, 349 Ill. App. 3d at 124, 811 N.E.2d at 310.

In the unusual circumstances of this case, where the Supreme Court of Illinois had entered a final order declaring a mandatory sentence enhancement to be unconstitutional when defendant was sentenced, I conclude that defendant could not be sentenced to that mandatory enhancement, even though the supreme court later overruled its decision. Moss was the law until Sharpe was decided, more than a year after the April 9, 2004, sentencing in this case.

I am also uncomfortable with the State's changing positions on how the sentence may be supported. In the charging instrument, the State asked for a mandatory sentence enhancement under section 12-11(c). On appeal, the State abandoned that argument, conceding that section 12-11(c) was unconstitutional under Moss and arguing that defendant in fact was sentenced under another provision. Now that Moss has been overruled, the State (or more accurately, this court) takes a different position on how defendant was sentenced. Even assuming there was some

question as to the extent of <u>Moss</u>, due process requires that sentencing provisions not be so vague that persons of common intelligence must necessarily guess at their meaning or application.  <u>People v. Hickman</u>, 163 Ill. 2d 250, 256, 644 N.E.2d 1147, 1150 (1994).  The State should not be allowed to sustain a sentence on the basis of events it had expressly denied occurred.