NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 240997-U

NO. 4-24-0997

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 24, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Peoria County |
| CORY A. GILLILAND, | ) | No. 21CF824 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Paul P. Gilfillan, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Presiding Justice Harris and Justice Grischow concurred in the judgment.

**ORDER**

¶ 1     *Held*: The appellate court affirmed, finding (1) the trial court was not required to
conduct a *Krankel* inquiry (see *People v. Krankel*, 102 Ill. 2d 181 (1984)) where
defendant was represented by posttrial counsel, who raised an ineffective
assistance of trial counsel claim before defendant raised his own *pro se* ineffective
assistance claim and (2) posttrial counsel did not provide ineffective assistance.

¶ 2     In January 2022, the State charged defendant, Cory A. Gilliland, with home

invasion (720 ILCS 5/19-6(a)(2) (West 2020)), aggravated domestic battery (720 ILCS 5/12-

3.3(a-5) (West 2020)), domestic battery (720 ILCS 5/12-3.2(a)(2) (West 2020)), and violating an

order of protection (720 ILCS 5/12-3.4(a)(1) (West 2020)). After filing numerous *pro se* motions

decrying appointed counsel's representation, defendant retained private trial counsel. Throughout

the pretrial process, defendant filed several *pro se* motions alleging misconduct by trial counsel.

Trial counsel twice moved to withdraw as defendant's attorney, but the trial court denied the

motions. After a jury trial, defendant was convicted of home invasion, domestic battery, and

violating an order of protection.

¶ 3    Defendant retained new counsel for posttrial proceedings. Posttrial counsel filed a motion for a new trial, alleging, *inter alia*, ineffective assistance of trial counsel. The trial court denied the motion after a hearing, during which it conducted what it described as "a pseudo *Krankel* hearing" (see *People v. Krankel*, 102 Ill. 2d 181 (1984)). Defendant appeals, arguing (1) the court failed to conduct a proper preliminary *Krankel* inquiry and (2) posttrial counsel provided ineffective assistance by not developing and presenting defendant's *pro se* ineffective assistance of trial counsel claims. We affirm.

¶ 4                                    I. BACKGROUND

¶ 5    On January 4, 2022, the State charged defendant with home invasion, aggravated domestic battery, domestic battery, and violating an order of protection. The State alleged defendant, on or about December 4, 2021, knowingly and without authority entered Mandi Ballard's residence, strangled her, and struck her in the head, in violation of an order of protection. According to the indictment, defendant had been previously convicted of domestic battery. The trial court appointed the public defender's office to represent defendant.

¶ 6    On June 24, 2022, defendant filed a *pro se* motion for "dismissal of counsel," alleging appointed counsel was "[c]orrupt" and "[a]busive mentally," and he refused "to file motions, cite caselaw, [or] suponea [*sic*] evidence showing innocence." On June 28, 2022, defendant filed a *pro se* motion alleging the State and law enforcement committed official misconduct by not prosecuting Ballard for battery and "obstruction." On October 27, 2022, defendant filed a handwritten letter accusing appointed counsel of "neglect" and "absolute ethical misconduct" for not filing motions or contacting specific witnesses, among other allegations. Defendant also filed two *pro se* motions entitled "Misconduct of attorney," one

entitled "Grievance" and another seeking "Substitution of counsel." Defendant ultimately retained new trial counsel, who entered his appearance on October 28, 2022.

¶ 7        On June 27, 2023, trial counsel moved to withdraw, asserting defendant filed a complaint against him with the Illinois Attorney Registration and Disciplinary Commission, which was ultimately dismissed. The trial court denied the motion.

¶ 8        On December 11, 2023, immediately before the trial commenced, defendant's trial counsel again asked to withdraw. Counsel stated he spoke with defendant the day prior, and defendant presented multiple motions that counsel refused to file or adopt. Counsel asserted he and defendant could not come to an agreement on how to proceed. Defendant accused counsel of talking to him for "15 minutes in the course of a year." The trial court asked whether defendant wished to waive counsel and represent himself. Defendant answered, "No, sir." Defendant asserted he believed counsel was ineffective and voiced a desire to hire new counsel, though it was unclear whether he had the financial means to do so. In response to defendant's oral assertion of ineffective assistance of counsel, the court stated:

> "Now, [defendant] just brought up the topic of ineffective assistance. A person, a defendant, doesn't have to put that in writing for the Court to have to address it. Since you have orally raised it, I'm going to deal with it briefly. Pretrial, ineffective assistance of counsel claims can be brought up only in two limited situations. That is, a complete conflict of interest of the attorney, which I have heard none, and/or a complete neglect of the case, which today's discussion has confirmed that this has not been completely neglected. He has been in your corner for a year. You might not like the number of times he has talked to you, but there has been communication back and forth. He has been to the jail to see

- 3 -

you. He has considered your motions. So the lack of complete neglect of your case doesn't exist either. So as we speak, ineffective assistance of counsel motion, if that's what it is, is denied. To be sure posttrial, after trial, there is a whole realm of ineffective assistance claims. There is a whole realm of ineffective assistance claims that can be raised then, but we are not there."

¶ 9        Defendant insisted trial counsel was "not ready for a trial" because he had not reviewed the discovery or subpoenaed witnesses per defendant's request. Defendant named two witnesses—Jessica Dunn and Hannah Keil—whom he expected counsel to subpoena. Counsel stated he spoke to Keil, and she told him not to contact her again. Counsel admitted he did not reach out to Dunn, saying, "I'm not sure who she is." Ultimately, the trial court determined defendant was the only potential witness for the defense, and the matter proceeded to a jury trial.

¶ 10        During the trial, Mandi Ballard testified she was in a romantic relationship with defendant for 11 months. During that time, defendant moved in with her. After an altercation on August 19, 2021, Ballard obtained an order of protection against defendant and stopped living in her house because she felt unsafe there, choosing instead to live with her parents. On December 4, 2021, Ballard went to retrieve some clothing from her house and discovered defendant was there. Ballard tried to flee, but defendant grabbed her and put his hand over her mouth to stop her from screaming. Ballard activated her security alarm, which emitted a loud noise, and told defendant, "The police are coming." Defendant slammed Ballard's head into the wall, saying, "Are you serious?" Ballard managed to escape and run to her neighbor's house, where she called the police.

¶ 11        Defendant testified he was not in Illinois on December 4, 2021, because he was traveling to Florida for a job interview. After defendant's testimony, the defense rested.

¶ 12　　　　Before the jury entered its verdict, the trial court found defendant in direct criminal contempt, observing:

> "Throughout the course of defendant's jury trial *** defendant was obstreperous, repeatedly blurting out comments while at counsel table and while on the witness stand when he had been warned and ordered repeatedly on the record not to do so.
>
> After numerous attempts to convince defendant to behave, the last straw for this Court was his second outburst during closing arguments alone. There were numerous prior such outbursts.
>
> Present during the last occasion, as with many of the prior occasions, were the prosecutor, defense attorney—who also did his best in court and privately to contain the defendant—court clerk, bailiffs, court reporter, the undersigned, members of the public and state's attorney's office, and more significantly, the jury. This behavior brought disrepute to the court system and came after numerous warnings, including a warning he could be held in contempt, which this Court now finds appropriate."

The jury found defendant guilty of home invasion, domestic battery, and violating an order of protection.

¶ 13　　　　After the trial, defendant retained new posttrial counsel. On January 12, 2024, posttrial counsel filed his entry of appearance and moved for a new trial, alleging, *inter alia*, defendant received ineffective assistance of trial counsel. On January 16, 2024, defendant filed a *pro se* motion for a new trial, which alleged trial counsel purposely neglected his case, refused to file motions, and did not share discovery with him, among numerous other assertions.

¶ 14　　　　On February 7, 2024, the trial court continued the matter to allow posttrial counsel to obtain transcripts of the prior proceedings, and it instructed counsel to investigate defendant's allegations of ineffective assistance of trial counsel, saying:

> "Also, pretrial, [at] various times [defendant] complained about his attorney. That theme is one of many in his handwritten motion filed January 16th. *** First of all, pretrial, when that allegation is made, the Court has to address it in a very limited fashion pre-*Krankel* to determine if there's a conflict of interest and/or an absolute abandonment of the case more or less by the attorney. I found that didn't happen.
>
> Once that has been made, allegation pretrial, and now that it's been made again by [defendant], the Court is duty bound to officially explore that topic.
>
> So one of your duties, [posttrial counsel], will be to explore the transcript and decide whether to pursue a claim of ineffective assistance or not with his trial attorney."

¶ 15　　　　On June 17, 2024, posttrial counsel filed a brief supporting his motion for a new trial, in which he argued defendant was denied due process when the trial court denied trial counsel's request to withdraw and by not permitting defendant to retain new counsel, and trial counsel provided ineffective assistance by not subpoenaing Dunn and Keil to testify at trial in support of defendant's alibi testimony and by not interviewing Dunn.

¶ 16　　　　During a hearing on June 28, 2024, the trial court heard arguments on posttrial counsel's motion for a new trial and supporting brief. When posttrial counsel argued the due process issue, the court provided the following context:

> "[I]n June of 2023 [trial counsel] filed a motion for with—to withdraw. And the

order on June 29th indicated defendant repeatedly complains about his counsel and says he wants an attorney. First of all, the repeated complaints about an attorney are not unusual out of this defendant. But he wants an attorney and wants him as an attorney, but only if he will file the motions he wants. [Defendant] has been advised numerous times that attorneys get the choice to file motions. They can consider what their clients want to file, but it's up to the attorney to do that.

The attorney at that time said he was unable to work with the defendant based on the defendant's actions. And the motion to withdraw was denied at that time, but would be reconsidered if the defendant found new counsel or decided how he will work with his attorney.

The Court found that that was a delay in the case which was on the eve of a July 10th trial which is also a recurring pattern in this case in that the delay was attributable to the defendant. And defendant was then instructed to decide to work with his attorney or hire someone else. So—and I don't recall him ever asking to proceed *pro se* so that left that out as an option.

This was all in June of '23. This was by my predecessor Judge Lyons apparently. And indicating any change of counsel must occur no later than September 13th because an October trial date was going to be scheduled to try and prevent a further delay.

Which of course we know happened after [trial counsel] entered his appearance there was a further delay in the case until December at which time it was tried, despite lo and behold another request for the defendant to change attorneys which would have only delayed the trial further and which this Court

saw right through."

When posttrial counsel argued a continuance should have been granted, the court responded:

> "Had we explored that route of yours to its logical conclusion another continuance would have been granted in the trial, a new attorney may or may not have come on board within months and listen to his what some attorneys have felt are completely frivolous arguments to make, decided not to make them then he would have disagreed with that attorney. Then he might have considered going *pro se* which might have led to another delay in the trial and we still wouldn't have had the case tried today.
>
> His recent filings are just supportive of the Court's positions that his attempts to get a new attorney on the eve of trial in December again were just merely for the purposes of delay and you can't abuse the system like that. And I did not allow that to happen."

¶ 17 As the hearing continued, both posttrial counsel and the State referenced defendant's repeated dissatisfaction with the various attorneys who represented him, prompting the trial court to observe:

> "All of these references to [trial counsel] and ineffective assistance of counsel all raise the specter of *Krankel* and I'm going to address that. This is, in fact, a pseudo *Krankel* hearing that we're having here today, for the record. So no one should be able to argue on appeal that it was never addressed. In fact, it was addressed pretrial, all these complaints of [defendant] with [trial counsel]."

The court concluded, "[T]he record from the time of trial back in December will complete our *Krankel* analysis here indicating that [trial counsel] was not ineffective given what he had to

work with in this case, which was almost an impossible task."

¶ 18　　　　The trial court denied the motion for a new trial, and the matter proceeded to a sentencing hearing. The court sentenced defendant to concurrent terms of 26 years' imprisonment for home invasion, 6 years' imprisonment for domestic battery, and 6 years' imprisonment for violating an order of protection.

¶ 19　　　　Posttrial counsel filed a motion to reconsider sentence, which the trial court denied after a hearing.

¶ 20　　　　This appeal followed.

¶ 21　　　　　　　　　　　　　II. ANALYSIS

¶ 22　　　　On appeal, defendant argues (1) the trial court failed to conduct a proper preliminary *Krankel* inquiry and (2) posttrial counsel provided ineffective assistance when acting as *Krankel* counsel by failing to present and develop his *pro se* ineffective assistance of trial counsel claims. We affirm.

¶ 23　　　　　　　　A. *Krankel* Proceedings Were Not Required

¶ 24　　　　First, defendant argues the trial court failed to conduct a proper preliminary inquiry into his *pro se* ineffective assistance of trial counsel claims. We find *Krankel* did not apply, as defendant was represented by posttrial counsel when he filed his *pro se* posttrial motion alleging ineffective assistance of trial counsel.

¶ 25　　　　As this court recently observed in *People v. Harkey*, 2025 IL App (4th) 230523, ¶ 71, "[t]he common law procedure first recognized in *Krankel* serves the narrow purpose of allowing the trial court to decide *whether to appoint independent counsel* to argue a defendant's *pro se* posttrial ineffective assistance of counsel claims." (Emphasis in original and internal quotation marks omitted.) "[A] *Krankel* hearing is a term of art to describe the hearing the court

must conduct when a defendant *pro se* has raised a posttrial claim regarding his counsel's ineffective assistance." *People v. McGath*, 2017 IL App (4th) 150608, ¶ 51. "[A]t a *Krankel* inquiry, the trial court considers the merits of a defendant's ineffective assistance claims in the context of deciding whether the court should appoint new counsel for the defendant to investigate such claims." *Harkey*, 2025 IL App (4th) 230523, ¶ 72.

¶ 26    In *Harkey*, we elucidated that "[t]he narrow purpose of a *Krankel* inquiry becomes clear when contrasted with the situation in which a defendant *hires* new counsel, who then files a posttrial motion alleging ineffective assistance of the defendant's original trial counsel." (Emphasis in original.) *Harkey*, 2025 IL App (4th) 230523, ¶ 74. A *Krankel* inquiry is unnecessary when "the defendant is already represented by independent counsel who (1) has investigated the defendant's claims of ineffective assistance of trial counsel and (2) determined that it was appropriate to file a motion for a new trial based upon a claim that defendant's trial counsel was ineffective." *Harkey*, 2025 IL App (4th) 230523, ¶ 74. Where "the defendant already has new counsel to independently evaluate and pursue the defendant's ineffective assistance claims," it stands to reason that "the question of whether the court need appoint counsel to pursue those claims simply does not exist." *Harkey*, 2025 IL App (4th) 230523, ¶ 75.

¶ 27    Additionally, "a defendant does not have the right to both self-representation and the assistance of counsel." *People v. James*, 362 Ill. App. 3d 1202, 1205 (2006). "[W]hen a defendant is represented by counsel, the defendant generally has no authority to file *pro se* motions, and the court should not consider them." *James*, 362 Ill. App. 3d at 1205. A trial court "ha[s] no responsibility to entertain [a] defendant's *pro se* motions during the time he was represented by counsel." *People v. Pondexter*, 214 Ill. App. 3d 79, 87 (1991).

¶ 28    Here, posttrial counsel entered his appearance and filed the motion for a new trial

on January 12, 2024. Defendant filed his *pro se* motion for a new trial on January 16, 2024. Both motions alleged trial counsel provided ineffective assistance. The trial court was not obligated to conduct a *Krankel* inquiry into defendant's *pro se* claim of ineffective assistance of trial counsel because defendant had already retained posttrial counsel, who raised that very issue. Posttrial counsel also submitted a supporting brief further addressing the issue. Because defendant was represented by an attorney who raised, briefed, and argued his ineffective assistance of trial counsel claim, defendant received the benefit a *Krankel* hearing would have provided, and he had no authority to file his own *pro se* motion alleging ineffective assistance of trial counsel. See *Harkey*, 2025 IL App (4th) 230523, ¶ 75; *James*, 362 Ill. App. 3d at 1205. Accordingly, the trial court's handling of defendant's claims of ineffective assistance of trial counsel was not error, and defendant's argument to the contrary lacks merit.

¶ 29        Defendant analogizes this case to *People v. Kyles*, 2020 IL App (2d) 180087, ¶¶ 1, 16, a case in which the defendant's trial attorney voluntarily withdrew during a *Krankel* hearing. The trial court appointed new counsel, who pursued the reconsideration of the defendant's sentence but abandoned the defendant's ineffective assistance claims. *Kyles*, 2020 IL App (2d) 180087, ¶¶ 1, 17-18. The appellate court in *Kyles* found the record was not sufficient to determine whether appointed counsel evaluated the defendant's *pro se* ineffective assistance claims and deemed them meritless, or if appointed counsel failed to evaluate those claims and simply withdrew them. *Kyles*, 2020 IL App (2d) 180087, ¶ 46.

¶ 30        This case is distinguishable, as posttrial counsel did not abandon defendant's ineffective assistance claim. Instead, posttrial counsel raised the issue in his motion for a new trial, filed a supporting brief addressing the issue, and argued the issue during the hearing on the motion for a new trial. While the appointed counsel in *Kyles* withdrew the defendant's

ineffective assistance claims, choosing instead to challenge only the defendant's sentence (*Kyles*, 2020 IL App (2d) 180087, ¶ 17), posttrial counsel here adopted defendant's ineffective assistance claim, included it in his filings and arguments, and provided the requisite representation to ensure the trial court fully considered the issue. Accordingly, we find defendant's reliance on *Kyles* inapt.

¶ 31          B. Posttrial Counsel Did Not Provide Ineffective Assistance

¶ 32          Second, defendant argues posttrial counsel's conduct as *Krankel* counsel constituted ineffective assistance because posttrial counsel did not sufficiently present and develop his *pro se* ineffective-assistance claims. Defendant's argument relies on a faulty premise, as posttrial counsel was not acting as *Krankel* counsel. Nevertheless, for the reasons explained below, we find defendant did not receive ineffective assistance from posttrial counsel.

¶ 33          We analyze an ineffective-assistance-of-counsel claim under the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Veach*, 2017 IL 120649, ¶ 29. The test requires a defendant to show "both that counsel's performance was deficient and that the deficient performance prejudiced the defendant." *People v. Cherry*, 2016 IL 118728, ¶ 24. In other words, a defendant must demonstrate (1) "counsel's performance was objectively unreasonable under prevailing professional norms" and (2) "there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *People v. Domagala*, 2013 IL 113688, ¶ 36 (quoting *Strickland*, 466 U.S. at 694). The failure to establish either prong precludes a finding of ineffective assistance of counsel. *People v. Henderson*, 2013 IL 114040, ¶ 11.

¶ 34          Defendant argues posttrial counsel's performance prejudiced him because posttrial counsel "failed to subject the claim of ineffective assistance to any meaningful

adversarial testing." Prejudice will be presumed where "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing." (Internal quotation marks omitted.) *Cherry*, 2016 IL 118728, ¶ 25. This is "a narrow exception to *Strickland* that infrequently applies." (Internal quotation marks omitted.) *Cherry*, 2016 IL 118728, ¶ 26. For this exception to apply, "it is not enough that counsel failed to oppose the prosecution at specific points in the proceeding," but rather, counsel must "fail[ ] to oppose the prosecution throughout the *** proceeding as a whole." (Internal quotation marks omitted.) *Cherry*, 2016 IL 118728, ¶ 26. Here, posttrial counsel raised, briefed, and argued defendant's ineffective assistance of trial counsel claim. Posttrial counsel's representation clearly does not fall within this narrow exception to *Strickland* wherein prejudice is presumed.

¶ 35        We also cannot find the result of the hearing would have been different but for posttrial counsel's allegedly deficient performance. The trial court knew of defendant's displeasure with trial counsel as early as June 27, 2023, when trial counsel filed his first motion to withdraw. Notably, defendant's habit of cultivating contentious relationships with his attorneys began when he filed numerous *pro se* motions decrying the representation provided by appointed counsel, whom defendant ultimately replaced by retaining trial counsel. It is well established that, "[i]n some instances, the court's knowledge of counsel's performance and the insufficiency of the defendant's allegations may be enough to determine that [the] defendant did not raise a colorable claim to justify a *Krankel* hearing." *People v. Horman*, 2018 IL App (3d) 160423, ¶ 31. "[T]he trial court is permitted to make its determination based on its knowledge of defense counsel's performance at trial and insufficiency of the defendant's allegations." *People v. Ayres*, 2017 IL 120071, ¶ 12.

¶ 36        Here, the record shows the trial court relied on its familiarity with defendant's

contentions when it denied defendant's ineffective-assistance claims. The court addressed defendant's concerns with trial counsel's representation multiple times throughout the proceedings, both before and after trial. The record demonstrates the court properly and adequately considered defendant's ineffective-assistance-of-trial-counsel claims, and there is not a reasonable probability the proceedings below would have been different but for posttrial counsel's allegedly deficient performance. See *Domagala*, 2013 IL 113688, ¶ 36. Because defendant fails to show prejudice caused by posttrial counsel's representation, his claim of ineffective assistance of posttrial counsel cannot prevail. See *Henderson*, 2013 IL 114040, ¶ 11.

¶ 37                                III. CONCLUSION

¶ 38        For the foregoing reasons, we affirm the trial court's judgment.

¶ 39        Affirmed.